**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOHN PRIDGEN,

        Plaintiff,

v.

JANE DOES, *et al.*,

        Defendants.

2:12-cv-01355-LRH -VCF

**ORDER AND
REPORT & RECOMMENDATION**

Application to Proceed *In Forma Pauperis* (#1)

Before the court are plaintiff John Pridgen's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.**    *In Forma Pauperis* **Application**

In plaintiff's application to proceed *in forma pauperis*, he states that he has zero take home wages, a zero balance in his bank account, and no monthly bills or financial obligations. (#1). Plaintiff also asserts that he is being held at Lake's Crossing Center, 500 Galetti Way, Sparks, Nevada, 89143 a Mental Health Facility. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.     Plaintiff's Claims**

In his § 1983 complaint, plaintiff names Jane Does, John Does, and "Capacity" as defendants. (#1-1). Plaintiff alleges that on several occasions, the police came to his apartment after he called 9-1-1, and wrongfully took him to St. Rose Hospital. *Id.* Plaintiff asserts that the defendants' actions "ruined [his] new shoes," and that in the course of a search, he was sexually assaulted. *Id.* Plaintiff does not provide the court with any dates, locations, or other identifying facts, and only states that the defendants are "police" and a "nurse" at St. Rose Hospital. *Id.*

Although Federal Rules of Civil Procedure make no mention of mechanisms for pleading against unnamed parties through use of the legal fiction of John Doe or Jane Doe, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identity may be learned through the discovery process. *Kemper Ins. Companies, Inc. v. Federal Exp. Corp.*, 115 F. Supp. 2d 116 (D. Mass. 2000). The Doe fiction may only be used until such time as the actual identities can be learned. *Id.* It is proper for a § 1983 plaintiff to use a "Doe" pleading until such time as a defendant's identity can be learned through discovery or through the aid of the trial court. 42 U.S.C.A. § 1983; *Warren v. Goord*, 476 F. Supp. 2d 407 (S.D. N.Y. 2007).

An action may proceed against defendants whose names are unknown *only* if the complaint makes allegations specific enough to permit ascertainment of the identities of these John and Jane Doe defendants through reasonable discovery. *See Hastings v. Fidelity Mortg. Decisions Corp.*, 984 F. Supp. 600, R.I.C.O. Bus. Disp. Guide (CCH) ¶9373 (N.D. Ill. 1997). As stated above, the plaintiff has not provided the court with allegations specific enough to permit ascertainment of the defendants' identities. (#1-1). The complaint should be dismissed *without prejudice* with leave to amend the complaint to include a more detailed description of the alleged events and the individuals involved. *See Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff John Pridgen's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court shall be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) shall be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if she chooses to do so, shall be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of August, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**